**FILED**
**JUL 1 0 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
        Disabled Veteran/Plaintiff,

v.

CLEMMIE SOLOMON
4200 Connecticut Avenue, N.W.
Washington, D.C. 20008
        UDC V-P Student Affairs/Defendant.

Case: 1:07-cv-01230
Assigned To : Walton, Reggie B.
Assign. Date : 7/10/2007
Description: TRO/PI

\*                \*                \*

### LEAVE TO FILE VERIFIED COMPLAINT

1. All acts complained of occurred in District of Columbia. Amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). Constitutional issues subject parties to jurisdiction of this Court as more fully described below.

2. Plaintiff is a 49-year –old white male Disabled Veteran currently receiving 40% disability compensation from Department of Veterans Affairs. Plaintiff is also receiving Disability Supplemental Security Income from Social Security Administration due to his organic mental disorder. Because of osteoarthritis in both knees Plaintiff's medical restrictions are limited walking and standing. Because of spinal condition Plaintiff cannot sit for periods >1-2 hours. As such, Plaintiff has a mental and physical impairment resulting from his service-connected injuries, and is therefore an individual with a disability protected under **Americans with Disabilities Act (ADA), 42 U.S.C. §§12101-12213**, and specifically under **Title II of ADA**, which governs public services.

3. Defendant is vice-president for student affairs at University District of Columbia (UDC), "public entity" under **Title II of ADA, 42 U.S.C. §12131(1)**, and as such, is required to ensure that "no qualified individual with a disability shall, on basis of disability, be excluded from participation in or be denied benefits of services, programs, or activities of a public entity." **28 C.F.R. §35.130(a)**. Furthermore, in order to ensure that no qualified disabled individual is excluded from services provided by a public entity, such public entity must:

> *Make reasonable modifications in policies, practices, or procedures when modifications are necessary to avoid discrimination on basis of disability, unless public entity can demonstrate that making modifications would fundamentally alter nature of service, program, or activity.*
> **28 C.F.R. §35.130(b)(7)**.

4. Based on a review of administrative record provided by defendant to Plaintiff, it appears there were no modifications made to any UDC procedures to accommodate Plaintiff's mental

1

impairment based on his diagnosed mental disorder and/or physical impairments based on his diagnosed osteoarthritis both knees and spinal condition. Plaintiff has repeatedly filed documentation in support of his mental and physical impairments with defendant over the years, but it appears defendant considered these documents as though submitter was not due special attention required by **Title II of ADA**. Specifically, it appears that defendant assigned Plaintiff's "case" treated Plaintiff as he would any other individual. Defendant set for Plaintiff a different standard as opposed to others similarly situated at UDC, an historically black institution. For example, in a February 23, 2007 letter from defendant, following mediation settlement at Office of Human Rights, defendant took retaliatory action against Plaintiff to ultimately seek Plaintiff's suspension and/or expulsion from UDC. Plaintiff also requested assistance with unusual medical expenses to offset UDC fees for extra-curricular facilities Plaintiff is unable to use. In retaliation for having asserted his constitutionally-guaranteed rights defendant commissioned police to stalk Plaintiff, sent police to deliver defendant's missives to disrupt and interfere with Plaintiff's classroom instruction, and sent subordinates to detain Plaintiff from classroom instruction. Defendant's arbitrary and capricious acts are material breach of contract and anticipatory repudiation of Plaintiff's education objective, to wit: law school. At present defendant continues to deny Plaintiff his entitled requested reasonable public accommodations. Defendant instead has placed Plaintiff in defendant's personal playground via bogus "allegations" to require Plaintiff to attend countless multiple [kangaroo court] "hearings." Defendant makes up "rules" to govern defendant's "proceedings" to unconstitutionally impose draconian sanctions on Plaintiff. In his ministerial capacity defendant continues to abuse his discretion and exceed his jurisdiction. Defendant has now achieved an end unintended by law and in fact having had that intended effect to put Plaintiff on "disciplinary probation." Defendant continues to abridge and deny Plaintiff's requested entitled reasonable public accommodations. Under **28 C.F.R. §35.130(b)(7)**, once Plaintiff made such a request, defendant was obliged to make a finding "demonstrat[ing] that making modifications [requested by Plaintiff] would fundamentally alter nature of service, program, or activity." There is no contemporary evidence in documents provided Plaintiff as part of Plaintiff's wrongful denial of **ADA** reasonable accommodations or "disciplinary probation" of May 24, 2007 that defendant ever made any such determination or even considered Plaintiff's request as required by **ADA Title II** implementing regulations. Rather, it appears defendant instead required his subordinates under doctrine of *respondeat superior* to have additional correspondence sent to Plaintiff as a precautionary measure to insulate defendant from further liability, not to assist Plaintiff with entitled requested **ADA** reasonable public accommodations.

5. Accordingly, under **28 C.F.R. §35.130(b)(7)**, Plaintiff does not have to allege disparate treatment in order to maintain a reasonable accommodation claim. **McGary v. City of Portland**, 386 F.ed 1259, 1266 (9th Cir. 2004) *see also* **Henrietta D. v. Bloomberg**, 331 F.3d 261, 276-77 (2d Cir. 2003)("[A] claim of discrimination based on a failure reasonably to accommodate is distinct from a claim of discrimination based on disparate impact."), *cert. denied*, 541 U.S. 936 (2004); **Dunlap v. Ass'n of Bay Area Gov'ts**, 966 F.Supp. 962, 965 (N.D. Cal. 1998)([T]he ADA not only protects against disparate treatment, it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'"). Once claim for reasonable accommodation has been made, burden shifts to defendant to prove that such accommodation would "fundamentally alter" nature of UDC "requires a more fact intensive inquiry than is appropriate on a motion to dismiss." **Nelson v. Milwaukee County**, 2006 WL 290510, 7(E.D. Wis. 2006); *see also* **Crowder v. Kitagawa**, 81 F.3d 1480, 1485-86 (9th Cir. 1996)(stating that

"determination of what constitutes reasonable accommodations is highly fact-specific requiring case-by-case inquire"); **_Wong v. Regents of Univ. of Cal._**, 192 F.3d 807, 818 (9th Cir. 1999)(explaining that question of what constitutes a reasonable accommodation "requires a fact-specific, individualized analysis of disabled individual's circumstances and accommodations" requested).

6. As discussed herein, Plaintiff is a member of a protected class under **Title II of ADA**. In its past "ruling" of February 28, 2007 defendant acknowledges "denial" of law school admission request for entitled reasonable accommodations to achieve an end unintended by law and in fact having had that intended effect to refuse Plaintiff his **ADA** reasonable accommodations and to deny Plaintiff his formal legal education. Available UDC record does not explain whether defendant made its required determination under **28 C.F.R. §35.130(b)(7)** to show that allowing UDC to review Plaintiff's requests under an **ADA** reasonable accommodation would "fundamentally alter nature of service, program, or activity." At a fundamental level, it is unclear how allowing Plaintiff to attend law school (Plaintiff currently maintains 4.000 Grade point Average on Dean's List) and reimburse Plaintiff for overcharged fees would fundamentally alter nature of UDC's administration, particularly in light of UDC's "Vision Statement," which reads:

> *University of District of Columbia strives to prepare our students to be well-educated, skillful, autonomous, service oriented, culturally enlightened, and technologically oriented citizens who are prepared to live and work in a multi-ethnic, global, and technologically-driven society. The University also strives to create an environment that will encourage maximum development of its students.*

7. In addition to denying Plaintiff his requested entitled reasonable accommodations, defendant continues reign of terror to make unwarranted and offensive contact with Plaintiff to threaten, harass, and intimidate Plaintiff while on campus and at Plaintiff's home. Defendant continues to impose draconian sanctions on Plaintiff to exacerbate Plaintiff's medical condition and pain. Defendant continues to abridge and deny Plaintiff's preferred **United States Constitution Amendment I** rights to *"freedom of speech"* and *"to petition Government for a redress of grievances"* by way of ongoing threats, intimidation, and harassment at Wilson Building D.C. Council oversight hearing on UDC of February 7, 2007, *et al.*, wherein Plaintiff was to testify before Committee On Whole. Defendant believes to be a law unto himself and refuses rule of law, accountability, and/or transparency to irreparably harm Plaintiff. Defendant's unlawful acts continue to work reputational and economic harms and injuries against Plaintiff.

8. As a direct and proximate result of defendant's wanton and willful rancorous malicious misconduct and total disregard of Plaintiff's constitutionally-guaranteed rights, Plaintiff sustained physical injury, mental trauma, psychological anguish, and loss of enjoyment of life.

WHEREFORE, Disabled Veteran/Plaintiff, Michael Sindram, *pro-se*, respectfully requests that this Honorable Court find defendant Clemmie Solomon liable for all injuries, damages, and violations suffered by plaintiff, and that judgment be entered against defendant Clemmie Solomon jointly, severally, collectively, and individually, as follows:

1. Compensatory and General damages in amount of Seven Hundred Fifty Thousand Dollars ($750,000.00);

2. Consequential damages in amount of Five Hundred Thousand Dollars ($500,000.00);

3. Punitive damages in amount of Nine Hundred Thousand Dollars ($900,000.00);

4. Costs, disbursements, and Reasonable Award of Expenses for Plaintiff to vigorously prosecute this weighty meritorious cause of action in amount of Forty-Four Thousand Dollars ($44,000.00);

5. Such other and further relief as to this Court appears just and proper.

**In God we trust:**
*Michael Sindram*
Michael Sindram, Plaintiff, *Pro-Se*
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281


## JURY DEMAND

Jury Demand made as to all issues herein as guaranteed by **United States Constitution Amendment VII**.

*Michael Sindram*
Michael Sindram


*Make it your aim to do what is right, not what is evil, so that you may live. Hate what is evil, love what is right, and see that justice prevails in the courts…let justice flow like a stream, and righteouness like a river that never goes dry.*
**Amos 5;14a, 15a, 24 (TEV)**

*When rights of one are violated rights of all are endangered! Injustice anywhere is a threat to justice everywhere! Not to judge a man by color of his skin but rather by content of his character.*
**Martin Luther King, Jr.**

*Do for others what you want them to do for you!*
**Matthew 7:12a (TEV)**

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

D 07-1230 RBW

## I (a) PLAINTIFFS

MICHAEL SINORAM

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __11001__
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE N/P

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

CHEMAVE SOLOMON

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01230
Assigned To : Walton, Reggie B.
Assign. Date : 7/10/2007
Description: TRO/PI

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☒ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☒ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 12101 ADA

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ 2 Million Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☒ YES ☐ NO If yes, please complete related case form.

DATE 7.10.07 SIGNATURE OF ATTORNEY OF RECORD NCP

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd