# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL SINDRAM,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 07-01230 |
| **CLEMMIE SOLOMON,** | : |
| **Defendant.** | : |

## DEFENDANT SOLOMON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Clemmie Solomon, by and through counsel, hereby submit this motion to dismiss plaintiff's Complaint pursuant to Fed. P. Civ. R. 12(b)(6). Plaintiff has failed to state a claim against this defendant under the American with Disabilities Act ("ADA") because there is no individual liability under the ADA.

More detailed grounds for this motion are set forth in the attached memorandum of points and authorities in support hereto.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENINE
        Deputy Attorney General, Civil Litigation Division

        /s/ _____
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

/s/_____
 ERIC S. GLOVER[1]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9754; (202)727-6295

CERTIFICATE OF SERVICE

I hereby certify that a copy of the following Motion to Dismiss Plaintiff's Complaint, and proposed Order were mail on this 27th day of November, 2007, to:

Mr. Michael Sindram
Apartment 204
6817 Georgia Avenue, NW
Washington, DC 20012

　　　　　　　　　　　　　　　　　　　　　　__/s/ Eric Glover_____
　　　　　　　　　　　　　　　　　　　　　　ERIC GLOVER
　　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General, D.C.

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL SINDRAM,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 07-01230 |
| **CLEMMIE SOLOMON,** : | |
| Defendant. : | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT SOLOMON'S MOTION TO DISMISS

### Preliminary Statement

On July 10, 2007, the plaintiff filed the instant lawsuit against defendant Clemmie Solomon, the former University of the District of Columbia Vice President of Student Affairs. The plaintiff brings the complaint, *inter alia,* pursuant to Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. §.1231, *et seq*.

Plaintiff alleges that defendant Solomon denied him benefits of services under the ADA, and seeks compensatory, consequential, and punitive damages and costs for his alleged injuries. See Complaint, generally.

As shown below, the defendant is entitled to dismissal of the plaintiff's claims filed against him under the ADA since there is no individually liability under the ADA.

**Argument**

I. **Standard of Review for Dismissal of Claims Pursuant to Fed. R. Civ. P. 12(b)(6).**

The Supreme Court has recently clarified the standard by which a complaint challenged by a Rule 12(b)(6) motion must be judged. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (May 21, 2007), the Court held that, while a complaint so attacked "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Slip op.* at 8 (citing, *inter alia*, *Papasan v. Allain,* 478 U.S. 265, 286 (1986). The Court specifically disavowed *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which innumerable courts have cited over the decades for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The *Bell Atlantic* Court wrote:

> *Conley*'s "no set of facts language has been questioned, criticized, and explained away long enough. [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . . *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

*Bell Atlantic*, *supra*, 127 S.Ct. at 1969.

The Court has determined that for a complaint to survive a Rule 12(b)(6) motion to dismiss, there must be a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." *Id*. at n.8 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). See also, SCR-Civil

12(b)(6). Should plaintiff's Complaint not meet the requirements of Rule 12(b)(6), then dismissal is appropriate.

## II. There is no individual liability under Title II of the ADA

Individuals cannot be sued in their personal capacity for alleged violations of Title II of the ADA, 52 U.S.C. §12131(1) (2000). In a recent decision, *Sindram v. Meriwether*, ___ F. Supp 2d ___, 2007 WL 2660258 (D.D.C. September 12, 2007), this Court stated "it is abundantly clear that [the individual defendant] cannot be held liable in her personal capacity under Title II of the ADA," and held that plaintiff had failed to state an ADA claim for which relief can be granted. The Court noted that the statutory language of the ADA is directed and limited to a "public entity" which is defined as "any State or local government or any department, agency, special purpose district or other instrumentality of a state of states, or local government." *Id.* at 2, *citing,* 42 U.S.C. §12131(1)(A)-(B). The Court also noted that existing case law holds that the ADA does not allow for personal capacity suits *Id. See, Williams v. McLemore, 2007 WL 1748146* at 6 (6th Cir. June 19, 2007) (ADA does not provide for personal liability for defendants sued in their individual capacities); *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F. 3d 98, 107 (2d Circ. 2001) (Title II of the ADA does not permit individual capacity suits against State officials); *Alsbrook v. City of Maumelle*, 184 F. 3d 999, 1005 n. 8 (8th cir. 1999) (commissioners could not be sued in their individual capacities under Title II of the ADA because it affords disabled individuals redress for discrimination by a "public entity"); *Shebby v. Adams,* 2007 WL 1302744 at 8 (E.D. Cal. May 2, 2007) (individuals cannot be personally sued under Title II of the ADA); *Calloway v. Boro. of Glassboro Dept' of Police,* 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (individual liability is not

contemplated under Title II of the Disability Act); *Monte v. Roomer,* 32 F. Supp. 2d 1235, 140-41 (D. Colo. 1999) (defendants in their individual capacities are not properly subject to suit under Title II of the ADA). Moreover, in *Calloway, supra,* the Court was also persuaded by the Eighth Circuit's reasoning in employment discrimination cases in which individuals are personally sued. The Court held there was no liability under Title II of the ADA against individuals who do not otherwise qualify as "employers" under the statutory definition. *See Calloway*, 89 F. Supp 2d at 557.

In this case, plaintiff seeks to hold defendant Solomon liable under the ADA in his personal capacity. See Complaint, generally. Because there is no individual liability under the ADA, plaintiff cannot maintain this cause of action against defendant Solomon, and dismissal is appropriate.

## CONCLUSION

Under existing law, relief cannot be granted against defendant Clemmie Solomon, in his personal capacity. Thus, plaintiff's claims seeking relief against defendant Solomon pursuant to Title II of the Americans with Disability Act, 42 U.S.C. § 1231, *et seq*., must be dismissed for failure to state a claim for which relief can be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/_____
PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV

/s/_____
ERIC S. GLOVER[2]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442–9754; (202)727-6295

---

[2] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL SINDRAM,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-01230 |
| **CLEMMIE SOLOMON,** | : | |
| Defendant. | : | |

## ORDER

Upon consideration of defendant Clemmie Solomon's Motion to Dismiss Plaintiff's Complaint, any opposition thereto, and the record herein, it is this ___ day of _____, 2007,

ORDERED: that defendant Solomon's Motion to Dismiss is hereby granted for the reasons set forth therein.

_____
Judge

Copies to:

Mr. Michael Sindram
Apartment 204
6817 Georgia Avenue, NW
Washington, DC 20012