UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SINDRAM,<br><br>       Plaintiff,<br><br>       v.<br><br>CLEMMIE SOLOMON,<br><br>       Defendant. | Civil Action No. 07-1230 (RBW) |

### DEFENDANT CLEMMIE SOLOMON'S RENEWED MOTION TO DISMISS

Defendant Clemmie Solomon, by and through counsel, herein renews his motion to dismiss, and states as follows:

1.    Although *pro se* plaintiff opposed this defendant's motion to dismiss, filed on November 30, 2007, he sought leave to file an amended complaint to substitute Clemmie Solomon, former president of UDC,[1] with Stanley Jackson, current president of UDC.  See Docket Entry # 9.

2.    Fed. R. Civ. P. 15(a) allows a party to amend his pleading once as a matter of course at any time before a responsive pleading is filed.  Since no responsive pleading has been filed, plaintiff has the right to amend the Complaint if justice so requires.  See Court docketing.  Although plaintiff also moved for leave to file a temporary restraining order, which was denied by this Court on July 10, 2007, and again on May 28, 2008, plaintiff's amended complaint should be accepted by this Court.

3.    Pursuant to Fed. R. Civ. P. 12(b)(6), a court is to construe the facts on the face of the complaint in the light most favorable to the non-moving party and to accept as true the

allegations in the complaint. *See, Fred Ezra Co. v. Pedas*, 682 A.2d 173, 174 (D.C. 1996) (citations omitted). A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

4.  In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 16 F.3d 1271, 276 (1994).

5.  Defendant Solomon is not named as a party defendant in the amended complaint, and seeks formal dismissal of this case against him as a matter of law. Even if this Court does not accept plaintiff's amended complaint, this defendant is entitled to dismissal of the complaint as a matter of law because individuals may not be held liable under the American With Disabilities Act, 42 U.S.C. § 1231, *et seq. See Sindram v. Meriwether*, ___ F. Supp 2d ___, 2007 WL 2660258 (D.D.C. September 12, 2007), holding "it is abundantly clear that [the individual plaintiff] cannot be held liable in her personal capacity under Title II of the ADA," and held that plaintiff had failed to state an ADA claim for which relief can be granted. *See also Williams v. McLemore, 2007 WL 1748146* at 6 (6th Cir. June 19, 2007) (ADA does not provide for personal liability for defendants sued in their individual capacities); *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F. 3d 98, 107 (2d Circ. 2001) (Title II of the ADA does not permit

---

[1] Defendant Solomon left the employment of the University of the District of Columbia in November 2007, and should no longer be a party defendant in this litigation. This defendant believes that he has been prejudiced because

individual capacity suits against State officials); *Alsbrook v. City of Maumelle*, 184 F. 3d 999, 1005 n. 8 (8th cir. 1999) (commissioners could not be sued in their individual capacities under Title II of the ADA because it affords disabled individuals redress for discrimination by a "public entity"); *Shebby v. Adams,* 2007 WL 1302744 at 8 (E.D. Cal. May 2, 2007) (individuals cannot be personally sued under Title II of the ADA); *Calloway v. Boro. of Glassboro Dept' of Police,* 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (individual liability is not contemplated under Title II of the Disability Act); *Monte v. Roomer,* 32 F. Supp. 2d 1235, 140-41 (D. Colo. 1999) (defendants in their individual capacities are not properly subject to suit under Title II of the ADA). This defendant incorporates herein all arguments set forth in this defendant's motion to dismiss at docket entry #7.

WHEREFORE, defendant Solomon renews his motion to dismiss this lawsuit against him with prejudice.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

---

he remains a party defendant in this litigation, and which may affect any prospective employment opportunities.

        /s/
PATRICIA A. JONES [428132]
Chief, General Litigation Section IV


        /s/
ERIC S. GLOVER [978841]
Assistant Attorney General
441 4th Street, N.W.
Washington, DC 20001
(202) 442-9754; (202) 727-6295

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2008, I caused a copy of defendant Clemmie Solomon's Renewed Motion to Dismiss to be served via first-class mail to:

**Mr. MICHAEL SINDRAM**
6645 Georgia Avenue, NW
Apartment 306
Washington, DC 20012


        /s/
ERIC S. GLOVER [978841]
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL SINDRAM,

    Plaintiff,

v.

CLEMMIE SOLOMON,

    Defendant.

Civil Action No. 07-1230

**DEFENDANT CLEMMIE SOLOMON'S MEMROANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS RENEWED MOTION TO DISMISS**

Defendant Clemmie Solomon, by and through counsel, herein renews his motion to dismiss, and states as follows:

1. Fed. R. Civ. P. 12(b)(6).

2. Fed. R. Civ. P. 15(a).

3. *Alsbrook v. City of Maumelle*, 184 F. 3d 999, 1005 n. 8 (8th cir. 1999)

4. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

5. *Calloway v. Boro. of Glassboro Dept' of Police,* 89 F. Supp. 2d 543, 557 (D.N.J. 2000)

6. *Fred Ezra Co. v. Pedas*, 682 A.2d 173, 174 (D.C. 1996)

7. *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F. 3d 98, 107 (2d Circ. 2001)

8. *Monte v. Roomer,* 32 F. Supp. 2d 1235, 140-41 (D. Colo. 1999)

9. *Shebby v. Adams,* 2007 WL 1302744 at 8 (E.D. Cal. May 2, 2007)

10. *Sindram v. Meriwether*, ___ F. Supp 2d ___, 2007 WL 2660258 (D.D.C. September 12, 2007)

11. *Williams v. McLemore, 2007 WL 1748146* at 6 (6th Cir. June 19, 2007)

12. *Kowal v. MCI Communications* Corp., 16 F.3d 1271, 276 (1994).

5

13. The record herein.

14. The Court's equitable powers.

                                            Respectfully submitted,

                                            PETER J. NICKLES
                                            Interim Attorney General for the District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division

                                            _____/s/_____
                                            PATRICIA A. JONES [428132]
                                            Chief, General Litigation Section IV


                                            _____/s/_____
                                            ERIC S. GLOVER [978841]
                                            Assistant Attorney General
                                            441 4th Street, N.W.
                                            Washington, DC 20001
                                            (202) 442-9754; (202) 727-6295

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL SINDRAM,<br><br>             Plaintiff,<br><br>      v.<br><br>CLEMMIE SOLOMON,<br><br>             Defendant. | Civil Action No. 07-1230 |

## **ORDER**

Upon consideration of Defendant Clemmie Solomon's Renewed Motion to Dismiss Plaintiff's Complaint, plaintiff's response thereto, if any, and the record herein, it is this ___ day of _____, 2008,

ORDERED: that defendant Solomon's motion is hereby granted for the reasons set forth therein, and it is,

FURTHER ORDERED: that plaintiff's complaint against defendant Clemmie Solomon is hereby dismissed with prejudice.

_____
Judge

Copies to:

**Mr. MICHAEL SINDRAM**
6645 Georgia Avenue, NW
Apartment 306
Washington, DC 20012