## UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,

           Disabled Veteran/Plaintiff,

v.                                        Civil Action No.07-1230(RBW)

CLEMMIE SOLOMON,

           Defendant.

\*               \*                    \*                  \*

## PLAINTIFF'S RESPONSE TO DEFENDANT CLEMMIE SOLOMON'S RENEWED MOTION TO DISMISS

      DISABLED VETERAN/PLAINTIFF, Michael Sindram, *pro-se*, in his Response To Defendant Clemmie Solomon's Renewed Motion To Dismiss, states the following:

### BACKGROUND

      Disabled Veteran/Plaintiff's "Leave To File Verified Complaint" and "Leave To File Motion For Temporary Restraining Order And For Related Relief" filed with this Honorable Court on May 31, 2007 are adopted and incorporated herein by reference. "Leave To File Amended Verified Complaint, Temporary Restraining Order, And For Related Relief" filed October 10, 2007 is adopted and incorporated herein by reference. "Plaintiff's Response To Defendant Solomon's Motion To Dismiss Plaintiff's Complaint; Motion For Expedited Action On Amended Request for Temporary Restraining Order And For Related Relief" filed with this Court on November 30, 2007 is also adopted and incorporated herein by reference. In the instant renewed motion defendant Clemmie Solomon now concedes Disabled Veteran/Plaintiff's Amended Verified Complaint should be granted as a matter of law pursuant to Fed. R. Civ. P.15(a).

      Defendant Clemmie Solomon is sued in his individual right and capacity for having irreparably damaged Disabled Veteran/Plaintiff: defamation of character, libel, slander, intentional infliction of emotional distress, and for damages sustained by Disabled Veteran/Plaintiff in violation of D.C. Human Rights Act of 1977, 28 U.S.C. § 1367 (Supplemental jurisdiction), violation of civil rights cognizable under 42 U.S.C. § 1983, *et seq.*, (Civil action for deprivation of rights), violation of United States Constitution 14th Amendment due process rights, and United States Constitution 1st Amendment free speech rights. ***Tinker v. Des Moines***, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Defendant Clemmie Solomon is also sued in his official capacity under doctrine of *respondeat superior* for having set for Disabled Veteran/Plaintiff a different standard as opposed to others similarly situated as more fully described below.

      In June 2005 Disabled Veteran/Plaintiff filed application for admittance to and request for entitled reasonable public accommodations set forth by Americans with Disabilities Act of 1990 ("ADA") University District of Columbia David A. Clarke School of Law ("UDC Law School"). Arbitrarily and capriciously defendant Clemmie

RECEIVED
JUN 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Solomon refused to administer Disabled Veteran/Plaintiff's ADA reasonable public accommodations to result in denial of admittance to UDC Law School. Disabled Veteran/Plaintiff filed discrimination Complaint against UDC Law School with D.C. Office of Human Rights ("OHR"). In retaliation for having filed OHR discrimination Complaint against UDC Law School defendant Clemmie Solomon orchestrated *disciplinary proceedings* against Disabled Veteran/Plaintiff over which defendant Clemmie Solomon was to be hearing officer. No hearing ever took place however, defendant Clemmie Solomon put Disabled Veteran/Plaintiff on *probation* to irreparably harm Disabled Veteran/Plaintiff in violation of constitutionally-guaranteed civil rights cognizable under 42 U.S.C. § 1983, *et seq*.

To enhance future admittance to UDC Law School Disabled Veteran/Plaintiff enrolled in UDC "paralegal studies certificate program." It was later discovered UDC had no paralegal studies certificate program contrary to assertion of defendant Clemmie Solomon. Defendant Clemmie Solomon is jointly, severally, collectively, and individually responsible for Disabled Veteran/Plaintiff's tuition, fee cost, incidental, and consequential expenses defendant Clemmie Solomon reaped as a direct and proximate result of fraud. Defendant Clemmie Solomon again refused to administer Disabled Veteran/Plaintiff's ADA reasonable public accommodations during undergraduate "studies" to result in a second OHR discrimination Complaint. Required by law OHR Mediation Letter of *February 8, 2007* set mediation for *February 23, 2007*, adopted and incorporated herein as Exhibit 1. In retaliation for this second OHR discrimination Complaint defendant Clemmie Solomon engaged his assistant Marc Strothers to forward "disciplinary letter" of *February 23, 2007* for an incident [sic] on *February 8, 2007*, adopted and incorporated herein as Exhibit 2. Disabled Veteran/Plaintiff delivered Letter of February 9, 2007 to defendant Clemmie Solomon regarding failure to accommodate, adopted and incorporated herein as Exhibit 3.

Defendant Clemmie Solomon's letter of March 29, 2007: "My office will be in touch with for next scheduled hearing," adopted and incorporated herein as Exhibit 4, does not comport with UDC Student Conduct Code to mediate and resolve "violation" (if there any be) "without unnecessary delay from date of alleged offense."

Defendant Clemmie Solomon's letter of April 25, 2007: "a hearing under a separate letter has been set for May 2, 2007," adopted and incorporated herein as Exhibit 5, does not comport with UDC Student Conduct Code. At no time was Disabled Veteran/Plaintiff afforded due process or fundamental fairness for compulsory attendance of witnesses, opportunity to cross-examine defendant Clemmie Solomon's "witnesses," composition of "review committee" in violation of UDC Student Conduct Code, denial by defendant Clemmie Solomon to challenge "review committee" members as provided for in UDC Student Conduct Code, discovery, or ability to prepare for a well-informed "hearing." Since there was no "formal review or response regarding failure to accommodate" defendant Clemmie Solomon's letter is a sham to further violate Disabled Veteran/Plaintiff's constitutionally-guaranteed rights.

Defamation of character, libel, and slander evinced by heightened state of agitation and animus evidenced by ten (10) parties notified by defendant Clemmie Solomon's letter of May 14, 2007: "As a student, you have right to appeal this decision…within 3 days from receipt of this letter," adopted and incorporated herein as Exhibit 6. Three (3) days is too short a time and clearly unreasonable given Disabled Veteran/Plaintiff's disabilities and medical condition. In spite of Disabled Veteran/Plaintiff's disabilities timely appeal was made to defendant Clemmie Solomon's adverse action to exacerbate Disabled Veteran/Plaintiff's medical condition and increase pain and suffering. Despite letter of May 14, 2007 defendant Clemmie Solomon did not convene "student appeals committee" as required by UDC Student Conduct Code to irreparably harm Disabled Veteran/Plaintiff.

Defendant Clemmie Solomon's letter of June 5, 2007: "You will be notified in ample time of your re-scheduled…hearing" adopted and incorporated herein as Exhibit 7. Defendant Clemmie Solomon did not convene "hearing" to irreparably harm Disabled Veteran/Plaintiff and result in ultimate dismissal of Disabled Veteran/Plaintiff from UDC that continues to work reputational and economic harms and injuries against Disabled Veteran/Plaintiff.

## ARGUMENT
Defendant Clemmie Solomon's renewed motion to dismiss is not signed by any attorney of record. Fed. R. Civ. P. 11(a) requires*: Every pleading, written motion, and other paper shall be signed by at least one attorney of record in attorney's individual name.*

Defendant Clemmie Solomon's renewed motion to dismiss cites ***Fred Ezra Co. v. Pedas***, 682 A.2d 173 (D.C.App. 1996). Real estate broker sued vendor seeking recovery of broker commissions. Superior Court, District of Columbia, Kaye K. Christian, J., dismissed action for failure to state claim ruling that law prohibited recovery of broker commissions on quasi-contract theories. Broker appealed. Court of Appeals, Ruiz, J., held that: (1) Complaint was sufficient to state claim seeking enforcement of implied-in-fact contract to pay real estate commission, and (2) Real Estate Licensure Act did not bar enforcement of unwritten implied-in-fact contracts to pay commission. *Reversed.* It should now be held by this Court that Verified Complaint against defendant Clemmie Solomon for violation of Disabled Veteran/Plaintiff's civil rights under 42 U.S.C. § 1983, *et seq.*, states a colorable claim and grounds upon which relief can be granted. Implied-in-fact contract is UDC Student Conduct Code continually breached by defendant Clemmie Solomon to cause Disabled Veteran/Plaintiff undue burden, expense, and hardship. Defendant Clemmie Solomon jointly, severally, collectively, and individually irreparably harmed Disabled Veteran/Plaintiff to achieve an end unintended by law and in fact having had that intended effect to ultimately dismiss Disabled Veteran/Plaintiff from UDC.

Defendant Clemmie Solomon's renewed motion to dismiss further cites ***Calloway v. Boro. of Glassboro Dept. of Police***, 89 F. Supp. 2d 543 (D.N.J. 2000).To state claim under Rehabilitation Act, Disabled Veteran/Plaintiff has demonstrated that: (1) Disabled Veteran/Plaintiff is qualified individual with disability; (2) Disabled Veteran/Plaintiff was

4

denied benefits of program or activity of public entity (UDC) which receives federal funds; and (3) Disabled Veteran/Plaintiff was discriminated against by defendant Clemmie Solomon based on Disabled Veteran/Plaintiff's disability. Rehabilitation Act of 1973, § 504(a), as amended, 29 U.S.C.A. § 794(a).

To state claim under Title II of ADA, Disabled Veteran/Plaintiff has demonstrated that: (1) Disabled Veteran/Plaintiff is qualified individual with disability; (2) Disabled Veteran/Plaintiff was either excluded from participation in or denied benefits of UDC Student Conduct Code by defendant Clemmie Solomon; and (3) such exclusion, denial of benefits, and discrimination was by reason of Disabled Veteran/Plaintiff's disability. Americans with Disabilities Act of 1990, § 202, 42 U.S.C.A. § 12132.

To prevail on claim under § 1983, Disabled Veteran/Plaintiff has alleged violation of right secured by Constitution and laws of United States and has shown deprivation was committed by defendant Clemmie Solomon acting under color of State (District of Columbia) law. 42 U.S.C.A. § 1983.

Defendant Clemmie Solomon's renewed motion to dismiss additionally cites ***Monte v. Roomer*** [sic] (***Montez v. Romer***), 32 F.Supp.2d 1235 (D.Colo. 1999). In class action, state prisoners with various disabilities brought § 1983 action claiming state department of corrections and various state officials violated their rights under Rehabilitation Act, Americans with Disabilities Act ("ADA"), and Eighth and Fourteenth Amendments. On defendants' partial motion to dismiss, Distrrict Court, Nottingham, J., held that prisoners stated legally cognizable claims under both Acts. Motion granted in part, and denied in part.
On certiorari, United States Supreme Court reversed in a per curiam Opinion, expressing unanimous views of Court, holds allegations of a *pro-se* Complaint to less stringent standards than formal pleadings drafted by lawyers. ***Haines v. Kerner***, 404 U.S. 519 (1972).

On certiorari, United States Supreme Court reversed in a per curiam Opinion, expressing unanimous views of Court, it was held that since it did not appear beyond doubt that Plaintiff could prove no set of facts in support of his claim which would entitle him to relief, he was entitled to an opportunity to offer proof. ***Haines v. Kerner***, 404 U.S. 519 (1972).

A unanimous United States Supreme Court has admonished that *pro-se* in forma pauperis Complaints must be read with tolerance: Dismissal is impermissible unless court can say:

> with assurance that under allegations of *pro-se* Complaint, which
> we hold to less stringent standards than formal pleadings drafted
> by lawyers, it appears "beyond doubt that Plaintiff can prove no
> set of facts in support of his claim which would entitle him to relief."

***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972), quoting ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957), *reaffirmed* in ***Estelle v. Gamble***, 429 U.S. at 106, 97 S.Ct. at 292 (1976).

Disabled Veteran/Plaintiff need not plead law or match facts to every element of a legal theory. Fed. R. Civ. P. 8, 28 U.S.C.A. ***Sparrow v. United Air Lines, Inc.***, 216 F.3d 1111 (D.D.C. 2000). Fourth Circuit has recognized an "indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties." ***Beaudett v. City of Hampton***, 755 F.2d 1277-78 (citing ***Gordon v. Leeke***, 574 F.2d 147 (4th Cir. 1978)).

## CONCLUSION

Defendant Clemmie Solomon's should now be held accountable and liable for his willful and wanton rancorous malicious misconduct and total disregard of Disabled Veteran/Plaintiff's constitutionally-guaranteed rights. Accordingly, defendant Clemmie Solomon's renewed motion to dismiss should be denied with prejudice.

**In God we trust:**
*Michael Sindram*
Michael Sindram, Disabled Veteran/Plaintiff, *Pro-Se*
6645 Georgia Avenue, N.W. #306
Washington, D.C. 20012
(202)722-6281

## RENEWED REQUEST FOR EXPEDITED HEARING

Renewed request for expedited hearing to be advanced on Court's calendar to earliest practicable date to aid in the decisional process.

*Michael Sindram*
Michael Sindram

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing Plaintiff's Response To Defendant Clemmie Solomon's Renewed Motion To Dismiss was mailed, postage prepaid, this 17th day of June, 2008 to: Peter J. Nickles, Interim Attorney General for District of Columbia, 441 4th Street, N.W., Suite 1060 North, Washington, D.C. 20001.

*Michael Sindram*
Michael Sindram

*Wise men have also said these things: It is wrong for a judge to be prejudiced. If he pronounces a guilty person innocent, he will be cursed and hated by everyone. Judges who punish the guilty, however, will be prosperous and enjoy a good reputation.*
**Proverbs 24:23-25 (TEV)**

*Make it* **your** *aim to do what is* **right,** *not what is evil, so that* **you** *may live. Hate what is evil, love what is* **right,** *and see that* **justice** *prevails in the* **courts...***let* **justice** *flow like a stream, and* **righteousness** *like a river that never goes dry.*
**Amos 5:14a, 15a, 24 (TEV)**

*Do for others what <u>you</u> want them to do for <u>you</u>!*
**Matthew 7:12a (TEV)**

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## OFFICE OF HUMAN RIGHTS



**Judiciary Square Office**
441 4th Street, NW Suite 570N
Washington, DC 20001
Phone: (202) 727-4559 • Fax: (202) 727-9589

**Penn Branch Office**
3220 Pennsylvania Avenue, SE, 1st Fl
Washington, DC 20020
Phone: (202) 727-4559 • Fax: (202) 645-6390

February 8, 2007

Michael Sindram
6817 Georgia Avenue, N. W., #204
Washington, D. C. 20001

RE:    **Docket No. 07-134-EI**
    <u>**Michael Sindram v. University of the District of Columbia**</u>

Dear Mr. Sindram:

On February 1, 2007, your client filed a complaint of discrimination that was prepared by this office in the above referenced matter and was mailed to you on February 6, 2007.

The Human Rights Act of 1977, as amended, established a mandatory mediation process. You are under no obligation to resolve this matter during mediation. A Mediation Fact Sheet is enclosed for more detailed information about the mediation process.

Mediation is scheduled for February 23, 2007, at 6:00 p. m., at the Judiciary Square office. Please contact Luisa Portillo at (202) 741-8713 to confirm the mediation date stated above.

If you have any questions, I can be reached on (202) 7276-4921.

Sincerely,

Georgia A. Stewart, Manager
Mediation Unit

Enclosure:   Mediation Fact Sheet

*-Ex. 1-*

**University of the District of Columbia**
**Office of the Vice President for Student Affairs**

4200 Connecticut Avenue, N.W.
Washington, D.C. 20008
Telephone (202) 274-5210



February 23, 2007

Mr. Michael Sindram
6817 Georgia Avenue N.W.  #204
Washington, D.C.  20012

Dear Mr. Sindram:

Based on an Incident Report that was filed to the Office of Public Safety at the University of the District of Columbia dated on February 8, 2007, towards the support staff of the Office of Student Life and Services.  You were allegedly involved in the following misconduct according to the Code of Student Conduct.

    **A.)    UDC Code of Student Conduct Article II, Section 6: Disruption/Obstruction.**

    **B.)    UDC Code of Student Conduct Article II, Section 16: Menacing.**

Because of the alleged misconduct, a judicial hearing will take place in front of the University Judicial Hearing Panel on Wednesday, March 7, 2007, in room #120 in the Counseling Center Conference room located in building #39, on the first floor.  *? time*

You have the right to bring to this hearing any information, evidence, witnesses, or an advisor.  Should you baring an advisor to the hearing, please remember that person cannot actively participate as a spokesperson or be a vocal advocate during the hearing procedure.  Should you have any questions, please contact my office at (202) 274-5210

Sincerely,

Marc Strothers
Assistant to the Vice President for Student Affairs

cc:    Dr. Clemmie Solomon
       Dr. Janice Borlandoe
       Mr. Robert Robinson
       Dr. Kevin Naiker

OFFICE OF HUMAN RIGHTS
Received

JUL 0 6 2007

COMPLAINANT



*-Ex. 2-*

February 9, 2007 / Happy Sabbath!



RECEIVED
MAY 3 1 2007

RECEIVED
MAY 1 0 2007

Dr. Clemmie Solomon, Dean of Student Affairs
University District of Columbia
4200 Connecticut Ave., N.W.
Building 39, Room 301
Washington, D.C. 20008

Re: **Unfinished Business:** *Failure To Accommodate...*

Dean Solomon,

Greetings in Name of our LORD and Saviour Jesus the Christ!

Letter copied to you of February 2, 2007 stipulates accommodations to include but not limited to: "Hard copies of all class material." In spite of repeated requests made of assistant director Jamal Reed, director Kevin Naiker, and associate vice-president Janice Borlando no hard copies of anything has been provided me by anyone. I am now four (4) weeks behind and each and every time I phone vice-president Borlando's office I get disconnected!?! When am I to receive afore-referenced hard copies?

Our sit-down with vice-president Borlando to be advanced on your calendar to earliest practicable date to aid in the decisional process. Please phone to avoid scheduling conflict: (202)722-6281.

In God we trust:

*Michael Sindram*
Michael Sindram, *Disabled Veteran*
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012

Encl: as cited

cc: President William L. Pollard
     Council Chairman Vincent Gray
     Mayor Adrian Fenty
     Office of Human Rights

*Do for others what you want them to do for you!*
**Matthew 7:12a**

OFFICE OF HUMAN RIGHTS
Received
JUL 0 6 2007
COMPLAINANT

- Ex. 3 -

**University of the District of Columbia**
**Office of the Vice President for Student Affairs**
**4200 Connecticut Avenue, N.W.**
**Washington, D.C. 20008**
**(202) 274-5210 (office)**
**(202) 274-6180 (fax)**

March 29, 2007

Mr. Michael Sindram
6817 Georgia Avenue N.W. #204
Washington, D.C. 20012

Dear Mr. Sindram:

Thank you for your concern regarding the Student Code of Conduct. Your hearing has been rescheduled pending a legal review from the University Counsel regarding the due process issues that you raised on March 27, 2007. My office will be in touch with you for the next scheduled hearing.

Thank you for your cooperation in this matter. Should you require additional information, please feel free to contact me on (202) 274-5210.

Sincerely,

Clemmie Solomon, Ph.D
Vice President for Student Affairs

OFFICE OF HUMAN RIGHTS
Received

OCT 2 6 2007

COMPLAINANT

-Ex. 4-

**University of the District of Columbia**
**Office of the Vice President for Student Affairs**

4200 Connecticut Avenue, N.W.
Washington, D.C. 20008
Telephone (202) 274-5210



UNIVERSITY OF
THE DISTRICT
OF COLUMBIA
★ ★ ★

April 25, 2007

Mr. Michael Sindram
6817 Georgia Avenue, NW #204
Washington, DC 20012

Dear Mr. Sindram:

I am in receipt of your letter which I received on April 23, 2007 concerning a second level review committee and reasonable accommodations. For the record, these two issues should not be commingled.

In regards to the second level review committee hearing, a hearing under a separate letter has been set for May 2, 2007 at 2:00 p.m. in the Counseling Center Conference Room 120, Building 39. Please report for the second level review at this time.

In terms of your reasonable accommodations concerns, I have been advised by the Disability staff that this issue has been addressed. However, by copy of this letter, I am requesting my Associate Vice President, Dr. Janice Borlandoe to formally review and respond in writing to your February 2, 2007 letter pertaining to this issue.

Thank you for calling these matters to my attention and best wishes for a successful college experience.

Sincerely,

Clemmie Solomon, Ph.D
Vice President for Student Affairs

cc: Janice Borlandoe

2007 APR 25 PH 4: 53

UDC-HUMAN RESOURCES
RECEIVED

-Ex. 5

University of the District of Columbia
Office of the Vice President for Student Affairs

4200 Connecticut Avenue, N.W
Washington, D.C. 20008
Telephone (202) 274-5210

RECEIVED
UDC-HUMAN RESOURCES

2007 MAY 16   PM 3: 24



UNIVERSITY OF
THE DISTRICT
OF COLUMBIA
★ ★ ★

May 14, 2007

Mr. Michael Sindram
6817 Georgia Ave. NW # 204
Washington, D.C. 20012

Dear Mr. Sindram:

This letter is in reference to your second level resolution hearing held on Wednesday May 9, 2007 at 2:00 p.m. in the Counseling Center Conference Room 120, located in building 39 on the first floor. This hearing was held in reference to an incident which occurred on Thursday, February 8, 2007. The first level resolution hearing found you in violation of the following misconduct violations in the Code of Student Conduct:

   A)      UDC Code of Student Conduct Article II, Section 6: Disruption/Obstruction.
   B)      UDC Code of Student Conduct Article II, Section 16: Menacing.

After careful deliberation, the second level University Judicial Hearing Panel has determined that the first level decision shall stand. Therefore, in accordance with the University's Code of Student Conduct, you are being given notice of admonition/warning. Essentially, this serves as warning about your inappropriate behavior. Furthermore, as a result of your participation in this incident, you are required to seek anger management counseling from Dr. Ike Nnawuchi. Dr. Nnawuchi can be reached on (202) 673-9308 and it is expected you will contact Dr. Nnawuchi immediately upon receipt of this letter.

As a student, you have the right to appeal this decision. Should you decide to do so, you must address your appeal to the Student Appeals Committee filed in writing to the Vice President for Student Affairs in building 39, Room 301-I within 3 days receipt of this letter. A copy of the University's Code of Student Conduct is enclosed for your reference.

Sincerely,

*Clemmie Solomon*

Clemmie Solomon
Vice President for Student Affairs

cc:      Dr. Janice Borlandoe
         Dr. Rachel Petty
         Mr. Marc Strothers
         Mr. Robert T. Robinson
         Dr. Kevin Naiker
         Mr. Jamal Reed
         Mrs. Christine Poole
         Mrs. Laverne Hill-Flanagan
         Mr. Henry Anderson
         Mr. David Watts


-Ex. 6-

**University of the District of C   .mbia**
**Office of the Vice President for Student Affairs**

4200 Connecticut Avenue, N.W.
Washington, D.C. 20008
Telephone (202) 274-5210



UNIVERSITY OF
THE DISTRICT
OF COLUMBIA
★ ★ ★

June 5, 2007

Mr. Michael Sindram
6817 Georgia Avenue NW #204
Washington, D.C. 20002

Dear Mr. Sindram:

Your second level resolution hearing for Thursday, June 7, 2007, at 10:00 a.m. has been re-scheduled for another date.  You will be notified in ample time of your re-scheduled second level resolution hearing.

Sincerely,

Clemmie Solomon / MHS

Clemmie Solomon
Vice President for Student Affairs

cc:    Dr. Janice Borlandoe
       Mr. Marc Strothers
       Mr. Robert Robinson

OFFICE OF HUMAN RIGHTS
Received

JUL 06 2007

COMPLAINANT

— Ex. 7 —